**THE LAW OFFICES OF JOSEPH R. MANNING, JR., APC**
Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Email: joe@manninglawoffice.com
Michael J. Manning, Esq. (State Bar No. 286879)
Email: mike@manninglawoffice.com
4667 MacArthur Boulevard, Ste. 150
Newport Beach, CA 92660
Telephone: (949) 200-8755
Fax: (866) 843-8308

**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
4 Park Plaza, Ste. 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
KEVIN FRANZEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FRANZEN, an Individual,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a National Association; and Does 1 through 20, inclusive,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>3. The Fair Debt Collection Practices Act [15 U.S.C. § 1692 ET SEQ.]<br>4. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788 ET SEQ.]<br><br>**JURY TRIAL DEMANDED** |

Plaintiff KEVIN FRANZEN ("Plaintiff") alleges the following upon information and belief based upon personal knowledge:

## INTRODUCTION

1. This case arises from the illegal actions of WELLS FARGO BANK, N.A. ("WELLS FARGO" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy, and in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq.

## PARTIES

2. Plaintiff, KEVIN FRANZEN ("Plaintiff"), is a "person" as defined by 47 U.S.C. § 153 (39).

3. Plaintiff is informed and believes, and thereon alleges, that WELLS FARGO BANK, N.A. ("WELLS FARGO") is, and at all times mentioned herein is, a National Association whose primary office address is 420 Montgomery Street, San Francisco, CA 94104.

4. WELLS FARGO regularly does business in the State of California by issuing lines of credit to individuals, including California residents and regularly contacting residents therein in attempt to collect upon the lines of credit.

5. Plaintiff is informed and believes and upon such information and belief alleges Defendant is also a national debt collection company that continuously and systematically engages in its business of collecting debts from within the State of California and in the United States.

6. The true names and capacities of Defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will amend the Complaint to show the true names and capacities of such DOES when they have been ascertained.  Upon information and

belief, Plaintiff alleges that each of DOES 1 through 20 was responsible in some manner for the occurrences, acts, and transactions herein alleged, and that Plaintiff's damages and violations of Plaintiff's rights were proximately caused by such Defendants.

7. Upon information and belief, Plaintiff alleges that at all times mentioned Defendants were the agents, servants, representatives, partners and/or employees of co-Defendants, and, by engaging in the actions mentioned below, were, unless otherwise alleged, acting within the course and scope of their authority as such agent, servant, representative, partner, and/or employee, with the permission and consent of co-Defendants.

8. Any allegations about acts of any corporate or other business Defendants means that the corporation or other business did the alleged acts through its officers, directors, employees, agents, and/or representatives, while they were acting within the actual or ostensible scope of their authority.

## **JURISDICTION AND VENUE**

9. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq* ("RFDCPA"). Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. In addition, jurisdiction also arises pursuant to 28 U.S.C. § 1367 for supplemental state claims.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in California and in this judicial district.

///

///

Case 8:16-cv-00479 Document 1 Filed 03/14/16 Page 4 of 14 Page ID #:4

## DEMAND FOR JURY TRIAL

11. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. *US Const. amend. 7. Fed.R.Civ.P. 38.*

## DEFENDANT WELLS FARGO'S BUSINESS

12. WELLS FARGO's primary business is the collection of past debts from distressed consumers.

13. In connection with WELLS FARGO's business, Defendant places telephone calls using a "predictive dialer" and/or an artificial or prerecorded voice.

14. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

## FACTUAL ALLEGATIONS

15. Beginning in and around January 13, 2015, Defendant contacted Plaintiff on his cellular telephone in an attempt to collect an alleged outstanding debt.

16. Defendant called or attempted to call Plaintiff from the telephone numbers (855) 608-1919, (855) 515-5489, (515) 327-3077, (877) 838-4347, and (515) 327-3098 which appeared on Plaintiff's cellular phone with number (863) XXX-3168 ("Plaintiff's 3168 Number").

///

17. Defendant called or attempted to call Plaintiff from the telephone number (877) 647-8552, which appeared on Plaintiff's cellular phone with number (863) XXX-0654 ("Plaintiff's 0654 Number").

18. Plaintiff was the subscriber to the Cellular telephone numbers (863) XXX-3168 and (863) XXX-0654 Defendant called at the time of each call ("Plaintiff's Numbers").

19. On January 13, 2015, at approximately 1:04 p.m., Plaintiff's 3168 Number received a call from (855) 515-5489. Plaintiff had not provided express consent to Defendant to call Plaintiff's 3168 Number.

20. On January 29, 2015, at approximately 10:31 a.m., Plaintiff's 3168 Number received a call from (515) 327-3098. Plaintiff answered the call. After several seconds of silence, with no person speaking on the calling end, Plaintiff spoke into the phone "don't call my cell phone."

21. On January 29, 2015, at approximately 12:33 p.m., Plaintiff's 3168 Number received a call from (515) 327-3098. Plaintiff answered the call. After several seconds of silence, with no person speaking on the calling end, Plaintiff spoke into the phone "don't call my cell."

22. On February 6, 2015, at approximately 12:33 p.m., Plaintiff's 3168 Number received a call from (515) 327-3098. Plaintiff answered the call. After several seconds of silence, with no person speaking on the calling end, Plaintiff spoke into the phone "don't call my cell phone."

23. Throughout 2015, Defendant called Plaintiff's 3168 Number at least one-hundred and fifty-two (152) times.

24. On February 10, 2015, Plaintiff's 0654 Number received a call from (877) 647-8552. Plaintiff had not provided express consent to Defendant to call Plaintiff's 0654 Number.

25. Throughout 2015, Defendant called Plaintiff's 0654 Number at least ninety (90) times.

26. At no time after Defendant began calling Plaintiff's Numbers has Plaintiff provided express consent to Defendant to call Plaintiff's Numbers.

27. Plaintiff's Numbers are assigned to a telephone service for which Plaintiff is charged for the call.

28. As of the date on which this complaint is being filed, Defendant placed at least two-hundred and forty-two (242) telephone calls to Plaintiff's Numbers using a predictive dialer and/or an artificial or prerecorded voice.

## APPLICABLE LAW

29. In 1991, the Telephone Consumer Protection Act (TCPA), 47 U.S.C.A. § 227, was enacted by Congress in response to voluminous consumer complaints about abuses of telephone technology. The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of Automatic Telephone Dialing Systems (ATDSs) to communicate by telephone in a manner that would be an invasion of privacy. Thus, the Act is aimed at "protect[ing] the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S. Rep. No. 102-178, at 1 (1991), reprinted in 1991 U.S.C.C.A.N. 1968 [quoted in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)].

30. The TCPA provided that it is unlawful for any person within the United States to (1) make any call using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice (2) without the prior express consent of the called party. Section 227 of the act defined ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator, and (B) to dial such numbers"

31. Over the years, the telemarketing industry underwent significant changes in technology and methods to invade consumer privacy through automated solicitation and debt collection. By 2003, in response to the increasing consumer

complaints and the Federal Communications Commission ("FCC") revised the TCPA and adopted new rules for consumers to combat increasingly sophisticated and increasing number of automated calls to consumers. Some of the adoptions in the 2003 order included a do not call list and FCC clarification as to what constitutes an ATDS. Among several other clarifications, the FCC ordered that predictive dialers[1] have the capacity to store or produce telephone numbers, and are therefore an ATDS under Section 277. This interpretation of the ATDS has been routinely accepted by courts of law throughout the country.

32. On June 18, 2015, the FCC made another declaratory ruling further reinforcing that an autodialer is any technology with the capacity, whether present or future, to dial random or sequential numbers. This definition ensures that robo-callers cannot skirt consumer consent requirements through changes in calling technology design or by calling from a list of numbers. FCC June 18, 2015 Declaratory Rulings Press Release. The FCC also made clear that a called party may revoke consent to be called at any time and through any reasonable means.

33. Senator Fritz Hollings, the original sponsor of the TCPA, stated:
Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

34. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

35. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

---

[1] A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.

*Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C. Rcd. 559, 562-63 (2008).

36. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> 1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> * * *
>>>
>>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…
>>>
>>> (D) to use an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.

47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(D)

37. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

- 8 -

38. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

39. Plaintiff was the "called party" in each telephone call Defendant made to Plaintiff's Numbers.

40. 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

41. 15 U.S.C. § 1692d(5) specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

42. The least sophisticated debtor in Plaintiff's position would justifiably be misled into believing that because they are receiving phone calls from a debt collector, they must owe the debt. This is the precise type of deceptive conduct Congress intended to protect consumers against when it enacted the FDCPA.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et seq.*

43. Plaintiff incorporates by reference all of the preceding paragraphs of this complaint as though fully set forth above.

44. Defendant WELLS FARGO negligently violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by using an ATDS and/or an artificial or prerecorded voice to call Plaintiff at a telephone number assigned to a service for which Plaintiff is charged for the call without Defendant's prior express

consent.

45. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227** *et seq.*

46. Plaintiff incorporates by reference all of the preceding paragraphs of this complaint as though fully set forth above.

47. The TCPA provides, in part:
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

48. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

49. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).Clark, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

50. Instead, a plaintiff need only show that the defendant engaged in a

"voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

51.  Defendant WELLS FARGO voluntarily placed telephone calls to Plaintiff's Numbers using an ATDS and/or an artificial or prerecorded voice. Moreover, Plaintiff specifically informed WELLS FARGO on multiple occasions to stop calling Plaintiff's Numbers.  Despite Plaintiff's protests, WELLS FARGO proceeded to place hundreds of calls to Plaintiff's Numbers, in willful violation of the TCPA.

52.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

53.  As a result of Defendant's knowing and/or willing violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

54.  Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
### Violation of the Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. § 1692 *et seq.*

55.  Plaintiff incorporates herein by reference all of the preceding paragraphs of this complaint as though fully set forth above.

56.  The acts and practices complained of in this Complaint constitute conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

57. The FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section… "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number". See *15 U.S.C §1692d(5)*.

58. Defendant repeatedly and/or continuously called Plaintiff's 0654 Number at least ninety (90) times over a period of approximately four months in violation of 15 U.S.C. § 1692d(5) in violation of 15 U.S.C. § 1692d(5). The sheer number of calls evidences the knowing and willful nature of Defendants' actions.

59. Defendants repeatedly and/or continuously called Plaintiff's 3168 Number at least one-hundred and fifty-two (152) times in 2015 in violation of 15 U.S.C. § 1692d(5). The sheer number of calls and the continued calling after Plaintiff told Defendant to stop calling evidences the knowing and willful nature of Defendants' actions.

60. Defendants further violated 15 U.S.C. § 1692c(c) when Plaintiff told Defendants to stop calling Plaintiff's 3168 Number on at least three occasions on January 29, 2015, at approximately 10:31 a.m. and 12:33 p.m., and on February 6, 2015, at approximately 12:33 p.m.

61. Defendants have employed a practice of utilizing automatic dialers for calling debtors, despite the statutory prohibition and plethora of case law and legislative history opposing this practice.

62. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

///

# FOURTH CAUSE OF ACTION

## Violation of Rosenthal Fair Debt Collection Practices Act (RFDCPA)

## CAL. CIV. CODE §§ 1788 *et seq*.

63. Plaintiff incorporates herein by reference all of the preceding paragraphs of this complaint as though fully set forth above.

64. Defendants' foregoing acts against Plaintiff constitutes violations of the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code . § 1788 *et seq*.

65. These violations of the RFDCPA were willful as set forth above.

66. In determining the Defendants' liability for any additional statutory damages, the court shall consider the nature of the Defendants' noncompliance with section 1788.11, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

67. The RFDCPA prohibits communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances. Cal. Civ. Code . § 1788.11(e).

68. The RFDCPA prohibits using a telephone to ring repeatedly or continuously to annoy the person called. Cal. Civ. Code . § 1788.11(f).

69. Defendants repeatedly and/or continuously called Plaintiff's Numbers two-hundred and forty-two times (242). The sheer number of calls and the continued calling after Plaintiff told Defendant to stop calling evidences the knowing and willful nature of Defendants' actions.

70. By virtue of the foregoing, Plaintiff is entitled to statutory damages and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30 from WELLS FARGO.

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

a. An order enjoining Defendant from placing further telephone calls to Plaintiff's Number pursuant to 47 U.S.C. § 227(b)(3).

b. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

c. Judgment against Defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

d. Judgment against Defendant for statutory damages of $1,000 pursuant to California Civil Code § 1788.30(b),

e. An award of reasonable attorney's fees and costs.

f. For such other legal and/or equitable relief as the Court deems appropriate.

DATED: March 14, 2016          **MCFARLIN LLP**

                      By:  */s/ Jarrod Y. Nakano*
                      _____

                      Jarrod Y. Nakano
                      Attorneys for Plaintiff
                      KEVIN FRANZEN

- 14 -